# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| UNITED STATES OF AMERICA | § | **JUDGMENT IN A CRIMINAL CASE** |
| --- | --- | --- |
| v. | § | |
| | § | Case Number: **4:96-CR-00085-FJG(5)** |
| **RICHARD W BROWN** | § | USM Number: **08718-045** |
| | § | **Robert B. Sullivan** |
| | § | Defendant's Attorney |

## THE DEFENDANT:

| ☐ | pleaded guilty to count(s) |
| --- | --- |
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. |
| ☒ | was found guilty as to Count 1 of the Indictment on February 26, 1997, after a plea of not guilty. |

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
| --- | --- | --- |
| 18:844I.F Penalties - If Death Results | 11/29/88 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**July 2, 1997**
Date of Imposition of Judgment

/s/ Fernando J. Gaitan, Jr.
Signature of Judge

**FERNANDO J. GAITAN, JR.**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**February 27, 2026**
Date

DEFENDANT:         RICHARD W BROWN
CASE NUMBER:       4:96-CR-00085-FJG(5)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**TIME SERVED** as to Count 1 of the Indictment and shall be immediately released from the Bureau of Prisons.
.

☒    The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:         RICHARD W BROWN
CASE NUMBER:       4:96-CR-00085-FJG(5)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  **5 years** as to Count 1.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

DEFENDANT:     RICHARD W BROWN
CASE NUMBER:     4:96-CR-00085-FJG(5)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

DEFENDANT: RICHARD W BROWN
CASE NUMBER: 4:96-CR-00085-FJG(5)

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall personally report to the Probation Office within 72 hours of release.

2. The defendant shall pay any restitution balance during the period of supervision.

3. The defendant shall successfully participate in any substance abuse counseling program, which may include chemical or Breathalyzer testing, as directed by the Probation Office, and pay any associated costs, as directed by the Probation Office.

4. Defendant shall submit his person, residence, office or vehicle to a search conducted by the U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

# ACKNOWLEDGMENT OF CONDITIONS

I have read or have read the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____     _____
Defendant                                Date

_____     _____
United States Probation Officer          Date

DEFENDANT:         RICHARD W BROWN
CASE NUMBER:    4:96-CR-00085-FJG(5)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Restitution** | **Assessment** | **Fine** | **AVAA Fine** | **JVTA Fine** |
|--------|-----------------|----------------|----------|---------------|---------------|
| **TOTALS** | $536,000.00 | $50.00 | Waived | N/A | N/A |

☒　The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

　　　If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

**Name of Payee**　　　　　　　　　　　　　　**Restitution Ordered**

Kansas City, Missouri Fire Department　　　$536,000.00
414 East 12th Street, 22nd Floor
Kansas City, Missouri 64106
ATTN: Rick Brisbin, Fire Chief

☒　The court determined that the defendant does not have the ability to pay interest and it is ordered that:
　　　☒　the interest requirement is waived for the　　☐　fine　　　　　☒　Restitution

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

☒　Special instructions regarding the payment of criminal monetary penalties:

**It is ordered that the Defendant shall pay to the United States a special assessment of $50.00 for Count 1, which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court.**

☒　Special instructions regarding the payment of restitution:

**Restitution shall be paid during incarceration in installments to commence 30 days after the date of this judgment and shall continue until paid in full. No further payments shall be required after the sum of the amounts actually paid by all defendants has fully compensated the victim.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

DEFENDANT: RICHARD W BROWN
CASE NUMBER: 4:96-CR-00085-FJG(5)

| ☒ **Joint and Several** | Amount: |
|---|---|
| George Frank Sheppard, Case No. 96-00085-01-CR-W-FJG | $536,000.00 |
| Earl D. Sheppard, Case No. 96-00085-02-CR-FJG | $536,000.00 |
| Darlene M. Edwards, Case No. 96-00085-03-CDR-FJG | $536,000.00 |
| Bryan E. Sheppard, Case No. 96-00085-04-CR-FJG | $536,000.00 |

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.