# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 96-CR-00085-FJG |
| RICHARD W. BROWN, | |
| Defendant. | |

## GOVERNMENT'S MOTION TO RECONSIDER AND FOR STAY

On February 27, 2026, this Court granted defendant Richard W. Brown's motion for compassionate release. (Doc. 659.) The government moves for reconsideration of the Court's order based on its misapplication of the binding guidelines and Eighth Circuit precedent. The government also requests an administrative stay and a stay pending appeal.

**I.    Motion for Reconsideration.**

*A.    Statutory Background.*

Title 18, United States Code, § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in part:

(c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—

(1)  in any case—

(A)  the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . .

Further, 28 U.S.C. § 994(t) provides:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

Therefore, the relevant policy statement of the Commission is binding on the Court.[1] *See United States v. Bryant*, 144 F.4th 1119, 1124 (9th Cir. 2025) ("Now, courts are 'bound by' § 1B1.13 in deciding all compassionate release motions under § 3582(c)(1)(A).").

The Sentencing Guidelines policy statement appears at § 1B1.13, and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *See* U.S.S.G. § 1B1.13(a) (U.S. Sent'g Comm'n 2025). The Commission identifies six categories of "extraordinary and compelling reasons. *See*

---

[1] The Eighth Circuit, analyzing the pre-2023 version of the guidelines, declined to address whether U.S.S.G. § 1B1.13's commentary defining "extraordinary and compelling reasons" was binding on courts. *See United States v. Marcussen*, 15 F4th 855, 859 (8th Cir. 2021). In its 2023 amendments, the sentencing commission moved the "extraordinary and compelling" definitions into the guideline itself and also made it applicable to motions filed by defendants, as well as by BOP. *See* U.S.S.G. § 1B1.13. As a result, every circuit court to consider the issue post-2023 amendments has found its definition of "extraordinary and compelling" binding on the courts. *See, e.g., United States v. Hernandez*, No. 24-10734, 2026 WL 228770, at *2 n.1 (5th Cir. Jan. 28, 2026); *United States v. Rutherford*, 120 F.4th 360, 375 (3d Cir. 2024), *cert. granted*, 145 S.Ct. 2776 (2025); *United States v. Handlon*, 97 F.4th 829, 832-33 (11th Cir. 2024); *United States v. D'Angelo*, 110 F.4th 42, 48 n.2 (1st Cir. 2024).

*id*. § 1B1.13(b)(1)-(6).

Thus, a district court cannot grant a § 3582(c)(1)(A) reduction unless the defendant meets three conditions: (1) an extraordinary and compelling reason, as defined by U.S.S.G. § 1B1.13, exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13, including that the defendant is not a danger to another person or the community; (3) and the § 3553(a) factors weigh in favor of compassionate release. *See United States v. Crandall (Crandall I)*, 25 F.4th 582, 583 (8th Cir. 2022).

> B. *The district court's order does not analyze whether Brown's "youth" qualifies as an "extraordinary and compelling" reason under § 1B1.13(b)(5).*

Relevant to this motion is § 1B1.13(b)(5), which was the guideline Brown argued supported his "youth" claim for early release. (Doc. 652, at 4.) That guideline states an "extraordinary and compelling reason" includes:

> <u>Other Reasons</u>.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

U.S.S.G. § 1B1.13(b)(5). Paragraphs (1) through (4), in turn, describe the defendant's medical circumstances, the defendant's deterioration of his physical or mental health as a result of the aging process, his family circumstances, and the defendant being a victim of abuse. *See id*. § 1B1.14(b)(1)-(4). Although the guidelines do not define the phrase "similar in gravity," courts have interpreted § 1B1.13(b)(5) with the understanding that (b)(1) through (4) "generally refer to circumstances that develop *after* sentencing." *Bryant*, 144 F.4th at 1126; *see also United States v. Washington*, 122 F.4th 264, 267 (6th Cir. 2024); *United States v. Jenkins*, 50 F.4th 1185, 1203 (D.C. Cir. 2022).

Although the Court's order references § 1B1.13(b)(5) and its "similar in gravity" requirement (Doc. 659, at 3, 5), it does not actually analyze that guideline in its section discussing Brown's "youth." (Doc. 659, at 5-14.) Instead, the order states that "several district courts have found that a defendant's youth can be considered an extraordinary and compelling circumstance" and cites the factors used by a Southern District of New York court in *United States v. Ramsay*, 538 F. Supp. 3d 407 (S.D.N.Y. 2021). (Doc. 659, at 7, 9-13.) The problem with all of these cases cited by the Court, however, is that they were decided based on the *pre-2023 amendments* to § 1B1.13. And that makes all the difference in this case.

Prior to 2023, almost every circuit to consider the issue held that the pre-2023 version of § 1B1.13 applied to § 3582(c)(1)(A) motions filed by BOP but was not binding on those motions filed by defendants. *See United States v. Bryant*, 996 F.3d 1243, 1247, 1252 (11th Cir. 2021).[2] This was because, due to a lack of quorum, the sentencing commission had not updated § 1B1.13's language to be consistent with the First Step Act's amendments to § 3582(c)(1)(A), so the guideline only referenced motions filed by BOP, not defendant filed motions as well. *See Bryant*, 996 F.3d at 1247, 1249-50, 1252, 1259-61. Thus, although district courts could consider the pre-2023 version of § 1B1.13 in making their decision, they were not required to follow that guideline's definition of "extraordinary and compelling" and could, instead, strike out on their own. *See, e.g., United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

It is within this context that the Southern District of New York issued its 2021 decision in *Ramsey*. *See* 538 F.Supp.3d at 414 (citing *Brooker*, 976 F.3d at 237). Thus, when that court

---

[2] The Eleventh Circuit, in *Bryant*, was the only circuit to hold the pre-2023 version of § 1B1.13 was binding on district courts. While the Eighth Circuit never directly reached the ultimate question, in *Crandall* it held that, as a matter of statutory interpretation, § 3582(c)(1)(A) was not a vehicle to collaterally attack a sentence. *See United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022).

decided how "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring" when it came to youth at the time the crime was committed, *Brooker*, 976 F.3d at 237, it came up with a formulation of factors to consider. *Ramsey*, 538 F. Supp.3d at 417-23. The *Ramsey* court could do this because, under Second Circuit precedent at the time, it was not bound by the pre-2023 version of § 1B1.13 and its definitions of "extraordinary and compelling." But now, it is inapplicable because the guideline has been amended to apply to defendant-filed motions. This is true of almost every other case this Court cites in support of its analysis—these cases apply the *pre-2023* version of § 1B1.13 and were decided at a time when district courts had broad discretion in defining "extraordinary and compelling" reasons. Therefore, they are completely inapplicable to the question of whether "youth at the time of the offense" is "similar in gravity" to § 1B1.13(b)(1)-(4).[3]

The four post-2023 amendment district court cases by the Court fair no better. In *United States v Viera-Rivera*, No. CR 94-391, 2025 WL 1177644 (D.P.R. Apr. 23, 2025), the district court found "extraordinary and compelling" reasons under § 1B1.13(b)(6)—not (b)(5), the guideline at issue here. *See id*. at *2, *5. The *Viera-Rivera* court retroactively applied *Booker* and invoked its authority to vary below the guidelines based on § 3553(a) factors, which included the defendant's "age at the time he committed the offense." *See id*. *5-*6. Here the Court is not purporting to

---

[3] These cases relied on by the Court were all decided before the amendments to § 1B1.13 took effect on November 1, 2023: *United States v. Hope*, No. 1:97CR105, 2023 WL 11109249 (E.D. Tex. Aug. 23, 2023); *United States v. Price*, No. 05CR492, 2023 WL 4850995 (E.D.N.Y. July 28, 2023); ); *United States v. Cheng*, 678 F. Supp. 3d 312 (E.D.N.Y. 2023); *United States v. Birkett*, No. 90CR1063, 2023 WL 4274683 (E.D.N.Y. June 29, 2023); *United States v. Chan*, 645 F. Supp. 3d 71 (E.D.N.Y. 2022); *United States v. Lara*, 658 F. Supp. 3d 22 (D.R.I. Mar. 1, 2023); *United States v. Golding*, No. 05CR538, 2022 WL 2985014 (S.D.N.Y. July 27, 2022); *United States v. Morris*, No. 3:99CR264, 2022 WL 3704201 (D. Conn. Aug. 26, 2022); *United States v. Espino*, No. 03-20051, 2022 WL 4465096 (D. Kan. Sept. 26, 2022); *United States v. Cruz*, No. 3:94CR112, 2021 WL 1326851 (D. Conn. Apr. 9, 2021); *United States v. Sims*, No. 3:98CR45, 2021 WL 1603959 (E.D. Va. Apr. 23, 2021).

analyze § 1B1.13(b)(6) or to retroactively apply *Booker* to vary below the guidelines based on § 3553(a) factors. As a result, that case is inapposite to whether "youth" qualifies under 1B1.13(b)(5).

*United States v. Lebaron*, No. 92-177, 2023 WL 7308116 (S.D. Tex. Nov. 6, 2023), was decided only five days after the 2023 guideline amendments became effective. Like the Court here, however, it mistakenly relies on a number of *pre*-2023 amendment cases to support its conclusion, and it fails to analyze how youth at the time of the offense is "similar in gravity" to the circumstances listed in § 1B1.13(b)(1)-(4). *Id*. at *7-*8. To the extent *Lebaron* is helpful, it demonstrates exactly how deficient Brown's motion was in its evidentiary support. There, the defendant presented evidence of a recent psychological evaluation, as well as numerous past psychological and medical records. *Id*. at *6. There was evidence, specific to the defendant, tying his difficult upbringing, youth, and psychological status to his commission of the crime. *Id*. at *6-*8. Here, Brown only presented generic information about young defendants and their brain development—he did not present evidence of how his youth and his upbringing contributed to his criminal acts.

The decision in *United States v. Diaz*, 779 F. Supp. 3d 226 (N.D.N.Y. 2024), is unhelpful because the district court appeared to not consider § 1B1.13's definition of "extraordinary and compelling" binding on it. *See id*. at 234. As a result, it does not explain now "youth" is "similar in gravity" to §1B1.13(b)(1)-(4). *Diaz* also inappropriately relies on pre-2023 amendment cases. *Id*. at 235-36. Moreover, the *Diaz* court considered changes in the law, which is forbidden by *Crandall*. *Diaz*, 779 F.Supp.3d at 235. Even so, the *Diaz* court required the defendant to establish that his age at the time of his offense contributed to his actions—here, Brown denied even committing the crime, so he obviously could not establish that his crime was "the product of 'rash

immaturity, a momentary misjudgment of youth, or peer pressure.'" *Id*. at 237.

Finally, *United States v. Astello*, No. CR97-3008, 2025 WL 2172722 (N.D. Iowa July 31, 2025), is inapposite because the parties agreed that the defendant met his "extraordinary and compelling" burden. *Id*. at *1. Notably, it was not just the defendant's "youth" that the district court considered. *Id*. at *2-*3. While it is unclear why the government agreed with that position, like the cases above, the court cited pre-2023 amendment cases and considered changes in the law contrary to *Crandall*. *See id*. In any event, the defendant in *Astello*, unlike Brown, submitted a psychological report detailing how his youth contributed to his crime. *See id*. at *3.

The failure of these cases to meaningfully engage with § 1B1.13(b)(5) and its "similar in gravity" requirement is exactly why the Ninth Circuit's *Bryant* decision is the most persuasive and authoritative. The Ninth Circuit determination that § 1B1.13(b)(5) must involve circumstances that arise post-sentencing is based on the guideline's language which directs a court to compare the proposed "other reasons," with the circumstances listed in (b)(1)-(4). *See Bryant,* 144 F.4th at 1126-27. Further, the Ninth Circuit read the language of § 3582(c)(1)(A) and interpreted it to mean that "extraordinary and compelling" must mean something other than things that could otherwise be considered under § 3553(a). *See Bryant*, 144 F.4th at 1127. In relying on the text of the statute and the guideline, the Ninth Circuit reasonably found that "[t]he focus of compassionate release proceedings is not on what sentence is most appropriate given the defendant's background and crime; it is on whether new circumstances warrant discretionary relief." *Id*. at 1128. The Court's order does not address why it favored the other cases—which do not meaningfully discuss § 1B1.13(b)(5)—over *Bryant* which provided extensive analysis.

Moreover, in its order, the Court found *United States v. Logan*, 532 F. Supp. 3d 725 (D. Minn. 2021), and *United States v. Vest*, 754 F. Supp. 3d 829 (W.D. Mo. 2024), unpersuasive because they do not discuss "the Supreme Court decisions in *Roper* or *Miller* or the jurisprudence discussing the distinguishing characteristics between the brains of juveniles and those of adults and why this matters in a sentencing context." (Doc. 659, at 8.) Of course *Logan* and *Vest* do not discuss *Roper* or *Miller* because those cases involved collateral challenges to a conviction and sentence—something strictly against Eighth Circuit precedent when a court considers a § 3582(c)(1)(A) motion. *See Crandall*, 25 F.4th at 586 ("If the sentencing court mistakenly classified Crandall as a career offender, then Crandall's recourse was to pursue a direct appeal or a motion for post-conviction relief under 28 U.S.C. § 2255."); *see also United States v. Edwards*, No. 4:96-0085 (W.D. Mo. Oct. 11, 2022) (order at 3) (Gaitan, J.) (agreeing that sentencing error "is an argument which should have been raised in a 28 U.S.C. § 2255 motion and is not a basis to grant a motion for compassionate release"). As recognized by the Eighth Circuit, § 3582(c)(1)(A) is not a loophole for defendant's to bring collateral challenges, which is what Brown has attempted to do here.

Finally, even if the Court could consider Brown's youth, its order fails to explain why Brown can continue to claim he did not commit the crime, but then assert that youth contributed to his actions. In other words, how can Brown establish that his actions were "the product of 'rash immaturity, a momentary misjudgment of youth,'" if he maintains that he never helped commit the robberies in the first place. Given that it is the Brown's burden to establish that he meets the requirements of § 3582(c)(1)(A), *United States v. Avalos Banderas*, 39 F4th 1059, 1062 (8th Cir. 2022), the Court must resolve the discrepancy in Brown's stance.

In summary, the Court's order does not meaningfully engage with the text of § 1B1.13(b)(5) and § 3582(1)(A).  It does not explain how Brown's age at the time of his offense is "similar in gravity" to § 1B1.13(b)(1)-(4), particularly given that those provisions involve post-sentencing changes in circumstances.  It relies on pre-2023 amendment cases in support which did not have to address the "similar in gravity" requirement.  It does not explain why *Bryant*'s reasoning—which specifically addresses the guidelines and statutory text—is unpersuasive compared to those cases.  The Court's order improperly relies on *Roper* and *Miller* in contravention of *Crandall*.  And it does not address how Brown can meet his burden demonstrating that his age at the time of the offense contributed to his actions when he denies he even committed those actions.  For these reasons, the government respectfully requests that this Court reconsider its February 27, 2026 order (Doc. 659) and deny Brown's motion.

**II.     Request for Stay.**

Should the Court deny its motion for reconsideration, the government intends to file an appeal in this case, pending authorization from the Office of the Solicitor General.  Although it has 30 days to file a notice of appeal, *see* Fed. R. App. P. 4(b)(1)(B)(i), the government will notify the Court as soon as possible as to whether the Solicitor General authorizes an appeal.  *See* 28 C.F.R. § 0.20(b).  That said, the purpose of an appeal will be frustrated before this decision can be made due to Brown's immediate release from prison.  Thus, the government seeks two types of relief to maintain the status quo on a temporary basis.

*First*, the government requests an emergency administrative stay of 30 days for the government to file a notice of appeal and for this Court to consider the government's motion for reconsideration and stay pending appeal.  The purpose of the administrative stay would be to give this Court sufficient time to consider the merits of the government's motion.  *See, e.g.*, *Brady v.*

9

Case 4:96-cr-00085-FJG     Document 662     Filed 02/27/26     Page 9 of 12

*Nat'l Football League*, 638 F.3d 1004,1005 (8th Cir. 2011) (collecting cases related to stays to consider pending motions). And while the government certainly appreciates Brown's desire to be released, this temporary stay will avoid the worse scenario of his release into the community in the event this motion to reconsider or a stay pending appeal is ultimately granted.

*Second*, to maintain the status quo during the pendency of an appeal, the government requests that the Court grant a full stay of its sentence-reduction order. *See* FED. R. APP. P. 8(a) (generally requiring parties to move for stays in district court before seeking relief in the court of appeals). In determining whether to grant a stay, courts consider four factors: "(1) whether the party seeking the stay has demonstrated a strong likelihood of success on the merits; (2) whether the party seeking the stay will be irreparably injured without a stay; (3) whether a stay would substantially injure other parties; and (4) the public's interest." *See Org. for Black Struggle v. Ashcroft*, 978 F.3d 603, 607 (8th Cir. 2020) (citations omitted). "Where the government 'establishes . . . a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release.'" *United States v. Bass*, 843 Fed. Appx. 733, 734 (6th Cir. 2021) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987)). "Further, the court may consider any danger a defendant might pose to the public if released, and the government's interest in continuing custody pending a decision on the merits of the appeal." *Id.*

Here, the grounds cited in the government's request for reconsideration present a substantial case on the merits that the government should be permitted to litigate on appeal before Brown is released. As for the balancing of the equities, the Sixth Circuit's analysis in *Bass* is instructive. Like in that case, both the government and public will be harmed absent a stay given the potential difficulty of returning Brown to custody if the government prevails, the lengthy

10
Case 4:96-cr-00085-FJG   Document 662   Filed 02/27/26   Page 10 of 12

sentence he had remaining, and the "public has an obvious interest" in combatting violent crime. *Id.* at 738 (noting the public interest in combatting the violence of a defendant's drug crimes, which included coercive violence and murder); *see also Valentine v. Collier*, 978 F.3d 154, 166 (5th Cir. 2020) ("The harm to the state and the public interest overlap where, as here, the state is the appealing party.").

The argument that the government will be harmed in the absence of a stay is clear: Brown's life sentence was reduced to time served. "The government has also shown it will be harmed, given that its interest is 'strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served.'" *Bass*, 843 Fed.Appx. at 738. Nor can Brown show that a limited extension of his incarceration will result in sufficiently substantial harm to outweigh the government's interest. *See id*. (emphasizing that defendant "was incarcerated on a life sentence until days ago," that his efforts of direct appeal and collateral attack to challenge a jury conviction had failed, and that his compassionate-release motion had been pending before the district court for months). In other words, the requested "stay will not significantly render untoward harm while [the Eighth Circuit] consider[s] the merits of his appeal." *Id.*

Accordingly, in light of the unique circumstances in this case, the Court should grant an emergency administrative stay to provide a sufficient opportunity to consider the government's motion to reconsider and request for a stay pending appeal and then enter a full stay of its sentence-reduction order.

## Conclusion

For these reasons, the United States respectfully requests that this Court reconsider its February 27, 2026 order and deny Brown's § 3582(c)(1)(A) motion. Further, the government respectfully requests this Court stay its February 27, 2026 order.

Respectfully submitted,

R. MATTHEW PRICE
United States Attorney

By:  */s/ Justin G. Davids*

JUSTIN G. DAVIDS
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on February 27, 2026, to the CM-ECF system of the U.S. District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Justin G. Davids*
_____
Justin G. Davids
Assistant United States Attorney